IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THERESA M. DOWLING, | ) | CASE NO. 8:22-CV-00326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | CASE NO. 8:22-CV-00327 |
| CONNOR LIEKHUS, a minor child, individually, and by and through Theresa M. Dowling, his parent, next of friend, and guardian, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

The parties, by and through their undersigned counsel, hereby submit this Stipulated Protective Order, and state as follows:

A. Each party and certain non-parties possess information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B. The parties therefore request that the Court enter the following protective Order to properly balance the discovery rights of the parties with their right to protect their private, confidential, proprietary, or trade secret information.

The Court ORDERS:

1

1. All medical records produced, disclosed, obtained, or exchanged since the onset and throughout the course of this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "Protected Information").

2. Protected Information which is introduced or discussed during a deposition shall maintain the protections afforded by this Protective Order.

3. The inadvertent or unintentional disclosure by a party of Protected Information shall not be deemed a waiver in whole or in part of that party's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. In addition, the production or disclosure by a party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the disclosing party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of a production or disclosure of such protected information, that party shall provide written notice of such production or disclosure to the disclosing party within three (3) days after it becomes aware that protected information has been disclosed or produced.

4. When Protected Information is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 7 are present during such presentation, quotation or reference.

5. Subject to the requirements of Paragraph 9 of this Agreement, no person receiving Protected Information shall disclose it or its contents to any person other than those described in Paragraph 7 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement

from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by opposing counsel upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 7(h) and/or 9 of this Protective Order.

6. Except as agreed by the parties or as otherwise provided herein, including in Paragraphs 7(h) and 9 of this Protective Order, Protected Information shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) except to persons entitled to access thereto, pursuant to Paragraph 7 below. Except as provided in Paragraph 7(h), (f)-(k), and 9 of this Protective Order, Protected Information may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving State Farm.

7. Protected Information shall be disclosed only to the following persons:

   a. attorneys actively working on or supervising the work on this case;

   b. persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. the parties, including designated representatives and counsel for the entity defendant;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as *Exhibit A*;

   e. the Court and its employees ("Court Personnel");

3

 f. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

 g. deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as Exhibit A;

 h. the Nebraska Department of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

 i. a jury involved in litigation concerning the claims and defenses to any claims in this lawsuit;

 j. anyone as otherwise required by law;

 k. as authorized by the parties specifically; and

 l. other persons by written agreement of the parties when the person has signed a written acknowledgement attached as *Exhibit A*.

8. Subject to Paragraph 9 of this Protective Order, the recipient of any Protected Information shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

9. Nothing in this Protective Order disallows State Farm's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Nebraska Department of Insurance and other applicable state and federal laws; the records retention requirements of the Nebraska Department of Insurance, the Nebraska Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of State Farm; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by State Farm as permitted and/or required by

4

applicable state and federal law, including reporting to the Insurance Services Office, Inc.

10. Either party may at any time request from the other party, in writing, the release of Protected Information from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue should retain the protections afforded by this Protective Order, any party may raise the issue with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, the Protected Information shall remain protected.

11. Nothing in this Protective Order shall preclude State Farm from responding to a validly issued subpoena, provided, however, that State Farm shall provide written notice of such subpoena to the attorney of the interested party within three (3) days of receipt of a subpoena which seeks production or disclosure of Protected Information. Production or disclosure of Protected Information under such circumstances may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

12. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document containing Protected Information, the party intending to utilize the document must provide notice to the interested party. The interested party may request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

13. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

14. Within thirty (30) days of the final determination of this action, each person or party who has received Protected Information shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and each party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to Protected Information subject to the legal requirements for maintenance and destruction of client files by the parties' counsel; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 7(h) and 9 of this Protective Order and to the routine business practices of State Farm. Within seven (7) days of the final determination of this action, counsel of record who has provided Protected Information to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation. **To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case, this requirement is not intended to require State Farm to return or destroy any documents that it is otherwise required by law to maintain.**

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which Protected Information shall be treated at trial.

17. Any party wishing to use any Protected Information in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the document under seal in the Court's E-filing system, with a note to the Court Clerk referencing this Order.

18. Any party subject to the obligations of this Protective Order who is determined by the Court to have violated its terms may be subject to sanctions

imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the court's inherent power.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

_____        _____
Attorneys for Plaintiffs                               Attorneys for Defendant

Dated: February 10, 2023                        Dated: February 9, 2023

David E. Copple, #17274                          David C. Mullin, #21985
Allison Rockey Mason, #26093                FRASER STRYKER PC LLO
Copple, Rockey, Schlecht, Mason            500 Energy Plaza
& Werth, P.C., L.L.O.                                409 South 17th Street
2425 Taylor Avenue                                 Omaha, NE 68102
P.O. Box 78                                                Telephone:  (402) 341-6000
Norfolk, Nebraska 68702                         Facsimile:   (402) 341-8290
Telephone:  (402) 371-4300                    dmullin@fraserstryker.com
Facsimile:   (402) 371-0790                     ATTORNEYS FOR DEFENDANT
decopple@greatadvocates.com
armason@greatadvocates.com
ATTORNEYS FOR PLAINTIFFS

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this 10th day of February, 2023.

BY THE COURT:

_____
Susan M Bazis
United States Magistrate Judge

7

## EXHIBIT A

NAME:_____

ADDRESS:_____

POSITION: _____

I understand that confidential documents and/or information are being provided and disclosed to me solely for purposes related to Theresa M. Dowling v. State Farm Mutual Automobile Insurance Company, Case No. 8:22-cv-00326, and Connor Liekhus v. State Farm Mutual Automobile Insurance Company, Case No. 8:22-cv-00327, pending in the United States District Court for the District of Nebraska. I have been advised that such confidential documents and the information contained therein may **not** be disclosed or used for any purpose whatsoever other than in connection with my acting as an expert, consultant, or witness in this case.

I acknowledge receipt of a copy of the Protective Order between the parties in the above-referenced case and I agree to its terms. I have been advised that any unauthorized use or disclosure of such Protected Information may subject me to sanctions by the Court and I submit myself to the jurisdiction of the above-referenced Court with regard to any dispute regarding my use or disclosure of such Protected Information. I will return all Protected Information that comes into my possession to the counsel who provided it to me at the conclusion of this litigation.

Signature: _____

Printed Name: _____

Dated: _____