IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THERESA M. DOWLING,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | NO. 8:22-CV-326<br><br>ORDER ON DEFENDANT'S MOTION IN LIMINE |

This case involves an automobile collision suffered by plaintiff Theresa Dowling, who was insured by defendant State Farm Mutual Automobile Insurance Company. The facts of this case are not pertinent to defendant State Farm's Motion in Limine presently before the Court. Filing 72. Rather, State Farm seeks to "prohibit the introduction of any evidence regarding documentation of any and all attorney's fees and or interest accrued." Filing 72. For the reasons stated below, the Court grants State Farm's Motion in Limine.

## I. DISCUSSION

### A. Evidence of Attorneys' Fees or Interest Must Not be Provided to the Jury

Motions in limine "serve as a gatekeeping function that permits a trial judge to exclude or eliminate inadmissible evidence submissions that ought not be presented to a jury." *McGuire v. Cooper*, No. 16-4, 2018 WL 3935053, at *1 (D. Neb. Aug. 16, 2018) (citing *Jonasson v. Lutheran Child and Family Services*, 115 F.3d. 436, 440 (7th Cir. 1997)).

1

"[T]he right of a prevailing plaintiff to attorneys' fees . . . should play no part in the jury's deliberation" because it "has no relevance to the task before the jury, and might lead the jury to improperly adjust its findings." *Roche v. SLM Corp.*, No. 21-985, 2022 WL 18932840, at *2 (C.D. Cal. Dec. 29, 2022) (quoting *Brooks v. Cook*, 938 F.2d 1048, 1053 (9th Cir. 1991)). The Eighth Circuit has reversed a district court for informing a jury that "plaintiff's attorneys' fees will be paid by any amount awarded by you to the plaintiffs." *Chu v. Am. Airlines, Inc.*, 285 F.3d 756, 758 (8th Cir. 2002). The Eighth Circuit reasoned that "the Court may well have caused the jury to inflate its damage award to account for attorneys' fees," which was error because "fees are not an element of damages." *Id.* Accordingly, evidence on attorney's fees "ought not be presented to a jury." *McGuire*, 2018 WL 3935053, at *1. However, the real dispute between the parties here is not whether the jury should hear evidence related to attorney's fees, but whether Dowling could ultimately be entitled to attorney's fees. *See* Filing 73 at 2 ("Pursuant to Federal and State law, Plaintiff cannot recover attorney fees in this matter in light of Defendant's Offer of Judgment, which offers the maximum recovery pursuant to the underlying contract, plus costs."); Filing 74 at 4 ("The judgment ultimately obtained by Plaintiff will include interest and attorney fees."). Whether Dowling is ultimately entitled to attorney's fees is not properly before the Court and would perhaps be more properly raised in a post-trial motion. By filing a motion in limine, State Farm has only asked the Court to "exclude or eliminate inadmissible evidence submissions that ought not be presented to a jury." *McGuire*, 2018 WL 3935053, at *1. Because evidence of attorney's fees constitutes an "inadmissible evidence submission[ ] that ought not be presented to a jury," *id.*, State Farm's Motion in Limine to exclude evidence of attorney's fees is granted.

Similarly, a motion in limine could be used to keep evidence of prejudgment interest from a jury. Although "[p]rejudgment interest is an element of damages," *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 919 (8th Cir. 2017), as corrected (Aug. 14, 2017) (quoting *Simeone v. First Bank Nat'l Ass'n*, 73 F.3d 184, 190–91 (8th Cir. 1996)), it is ultimately a determination for the Court, not the jury. *See United States v. Am. Com. Barge Line Co.*, 988 F.2d 860, 863 (8th Cir. 1993) ("Whether to award prejudgment interest is within the discretion of the District Court."); *Cargill, Inc. v. Taylor Towing Serv., Inc.*, 642 F.2d 239, 241–42 (8th Cir. 1981) ("Generally, the award of prejudgment interest, in the absence of statutory directives, rests in the discretion of the district court." (citation omitted)). Accordingly, evidence on prejudgment interest "ought not be presented to a jury." *McGuire*, 2018 WL 3935053, at *1. The real dispute between the parties here—like with attorney's fees—is not whether evidence regarding prejudgment interest is appropriate for the jury to consider, but whether Dowling will ultimately be entitled to prejudgment interest. *See* Filing 73 at 4 ("[A]ny potential pre-judgement interest is already included in Defendant's Offer of Judgment under Federal law and cannot be awarded in addition to Plaintiff's damages."); Filing 74 at 2 ("Plaintiff is entitled to interest in this action for breach of the insurance contract under Nebraska law."). Because Dowling's ultimate entitlement to prejudgment interest is not properly before the Court because on a motion in limine, the Court only determines whether to "exclude or eliminate inadmissible evidence submissions that ought not be presented to a jury." *McGuire*, 2018 WL 3935053, at *1. Here, because evidence of attorney's fees constitutes an "inadmissible evidence submission[ ] that ought not be presented to a jury," *id.*, State Farm's Motion in Limine to exclude evidence of prejudgment interest is granted.

### B. Motions on Fees and Interest Are Appropriate After Trial

Both parties' arguments on the Motion in some respect concern whether Dowling may recover attorneys' fees and interest. *McGuire*, 2018 WL 3935053, at *1; *see also* Filing 73; Filing 74; Filing 75. State Farm notes that it has made an offer of judgment for $250,000, plus costs, for "all damages claimed under the Plaintiff's contract claim for Underinsured Motorist Benefits," but not for "any alleged bad faith claims made against the Defendant." Filing 73-1. State Farm argues that because Dowling rejected this offer, which represented the policy limit, Dowling is barred from recovering attorneys' fees or prejudgment interest under Neb. Rev. Stat § 44-359 on her contract claim.[1] Although the Court agrees that additional amounts (whether they be fees or interest) in excess of the offered policy limits are not allowed on contract claims as a matter of Nebraska law, Neb. Rev. Stat § 44-359 (prohibiting recovery of attorneys' fees where "the plaintiff fails to obtain judgment for more than may have been offered"); *United States v. Am. Commercial Barge Line Co.*, 988 F.2d 860, 864 (8th Cir. 1993) (specifying that prejudgment interest "is part of the damages suffered by the plaintiff"), discussion about Dowling's ultimate entitlement to attorneys' fees or interest is not appropriate at this time. Motions regarding fees and costs are appropriate after trial.

### II. CONCLUSION

State Farm is entitled to an Order that keeps evidence of attorneys' fees and prejudgment interest from the jury's consideration. The Court does not presently address the question of whether

---

[1] U.S. Magistrate Judge Susan M. Bazis entered an Order bifurcating Dowling's contract claim and bad faith claim, the latter of which Judge Bazis stayed pending resolution of the contract claim. Filing 35.

Dowling may ultimately be entitled to attorneys' fees or prejudgment interest because. Accordingly,

    IT IS ORDERED that defendant State Farm's Motion in Limine, Filing 72, is granted.

Dated this 10th day of April, 2024.

                                                     BY THE COURT:

                                                     _____
                                                     Brian C. Buescher
                                                     United States District Judge